UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    ]<br>                                                         ]<br>    Plaintiff,                            ]<br>                                                         ]    Case No. 10-cr-1004<br>        v.                                      ]<br>ROBERTO FLORES,                   ]    Honorable Robert W. Gettleman<br>                                                         ]<br>    Defendant.                         ] | |

### DEFENDANT'S MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO STRIKE AND DISMISS COUNTS 3 AND 6 OF THE INDICTMENT

COMES NOW the defendant ROBERTO FLORES, by his attorney, Gerardo S. Gutierrez, and move this Honorable Court strike and dismiss Counts 3 and 6 of the indictment, and in support thereof state the following:

### Background:

ROBERTO FLORES, the defendant, is charged by way of a 7 Count indictment with, among other things, knowingly possessing several machine guns in furtherance of a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1)(A) and Sec. 924 (c)(1)(B)(ii) (Count 3); and knowingly possessing a machinegun, in violation of 18 U.S.C. Sec. 922(O)(1) (Count 6). The Defendant moves that Counts 3 and 6 be dismissed as a matter of law in that even if all inferences were drawn in favor of the government, no reasonable juror as a matter of law would find all of the elements necessary to sustain these two counts as charged. The defendant has pled not guilty. He is presently in the custody of the U.S. Marshall Service and is awaiting trial.

**Discussion:**

Count 6 of the indictment claims that on or about 11/29/2010, in the Northern District of Illinois, the defendant did knowingly possess a machine gun, namely: An Arsenal, fully automatic, AK-47 assault rifle, model SLR-100H, bearing serial number MR1497; and, An RPB Industries, Inc., MAC-M10A1, fully automatic 9 millimeter gun, bearing serial number B2604, in violation of 18 U.S.C. Sec. 922(o)(1). Similarly, Count 3 of the indictment alleges that on or about 11/29/2010, in the Northern District of Illinois, the defendant did knowingly possess a machine gun, in furtherance of a drug trafficking crime, to wit:
An Arsenal, fully automatic, AK-47 assault rifle, model SLR-100H, bearing serial number MR1497; and, An RPB Industries, Inc., MAC-M10A1, fully automatic 9 millimeter gun, bearing serial number B2604, and equipped with a firearm silencer, And a Glock, .40 caliber, model .22 pistol, bearing serial number CTR649.
In violation of 18 U.S.C. Secs. 924(c)(1)(A) and (c)(1)(B)(ii).

Notwithstanding the pistol as alleged in the third predicate act of Count 3, the defendant moves this Court strike Count 3 and the relevant portions thereof in that as a matter of law and legal term of art, the foretasted weapons are not "machineguns" as commonly and statutorily understood.

The first prong of this inquiry begins whether the statute defining a ten-year statutory minimum sentence applicable to assault rifles and semi automatic weapons, estop the application and definition of the 30 year-minimum sentence for the same type of weapon simultaneously being classified as a "machinegun."

**WHETHER THE TEN-YEAR MINIMUM SENTENCE IN 18 U.S.C.**
**§ 924(c)(1)(B)(i) APPLIES TO SEMIAUTOMATIC ASSAULT WEAPONS**

Semiautomatic assault weapons are no longer among the firearms to which the ten-year minimum sentence in section 924(c)(1)(B)(i) of title 18 applies. In a November 24, 2009 Memorandum Opinion for the Assistant Attorney General – Criminal Division, the Justice Department writes:

"[W]hether possession of a semiautomatic assault weapon in furtherance of a crime of violence or drug trafficking crime is conduct that remains subject to a mandatory ten-year minimum sentence. Having carefully considered the views of the Criminal Division and the Bureau of Alcohol, Tobacco, and Firearms (ATF), [The Department of Justice, (DOJ)] conclude that semiautomatic assault weapons are no longer among the firearms to which the ten-year minimum in section 924(c)(1)(B)(i) of title 18 applies."

Here the U.S. attorney general is making the argument that the 1994 amendment that increased the penalties for use of such firearms in Section 924(c)(1) is subject to a sunset provision, and thus was repealed as of 2004. "Accordingly, the possession of a of a semi-automatic assault weapon in furtherance of, or the use during and in relation to, a crime of violence or drug trafficking crime is subject to the general five-year mandatory minimum sentence provided for in Section 924(c)(1)(A), with increased penalties for the brandishment or discharge of such a weapon."

This sunset provision spelled out exactly which weapons were described as a "semi-automatic assault" or "assault rifle" weapons since Section 924(c)(1) of title 18 made it a federal offense to use or carry a firearm during and in relation to certain other offenses or to possess a firearm in furtherance of those other offenses. The question to consider depended not on the difference between "assault weapons" such as those

charged here as "machine guns" but upon the relationship between the two amendments that Congress made to Section 924(c)(1), the first in 1994 and the second in 1998.

Prior to 1994, Section 924(c)(1) provided as follows:

"Whoever, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, shall, in addition to the punishment provided for such crime . . . , be sentenced to imprisonment for five years . . . , and if the firearm is a short-barreled rifle, short-barreled shotgun to imprisonment for ten years, and if the firearm is a machinegun or a destructive device, or is equipped with a firearm silencer or firearm muffler, to imprisonment for thirty years." 18 U.S.C. Sec. 924(c)(1)(Supp. II 1990). The DOJ explained, "Section 924(c)(1)(B)(i) of the current United States Code continues to refer to semiautomatic assault weapons. We conclude, however, because of the repeal, that reference should no longer appear in the Code. [Opinions of the Office of Legal Counsel in Volume 33]

We submit that the term of art charged herein in Counts 3 and 6 blur this distinction by ascribing the term "machinegun" inappropriately as the list of weapons suggests that these firearms are "assault rifles" and "semiautomatic weapons" rather than what is traditionally referred to as "machine guns," and thus not subject to the 30 year mandatory minimum.

In 1994 Congress enacted the Public Safety and Recreational Firearms Use Protection Act ("PSRFUPA" or "Act") as subtitle A of Title XI of an omnibus crime bill. See Pub. L. No. 103-322, Title XI Secs. 110101-06, 108 Stat. 1996-2000 (1994). The centerpiece of the Act was the so-called "Assault Weapon Ban," which did not affect the existing Sec. 924(c)(1), but instead established a new offense, making it "unlawful for a

person to manufacture, transfer, or possess a semiautomatic assault weapon," except in compliance with certain specified exceptions. Id. Sec. 110102(a). The PSRFUPA further provided a detailed description of the weapons to which the Act applied, see id Sec. 110102(b)(identifying both nineteen specific models of firearms and listing certain characteristics of "semiautomatic assault weapons"), and imposed certain labeling requirements for such weapons. See Id. Sec. 110102(d)(the serial number, etc.) to facilitate enforcement of the Act's prohibitions.  _Section 924 (c)(1) read in pertinent part:

"Whoever during and in relation to any crime of violence or drug trafficking crime of violence or drug trafficking crime . . . uses or carries a firearm, shall in addition to the punishment provided for such crime . . .[shall] be sentenced to imprisonment for five years, and if the firearm is a short-barreled rifle, short-barreled shotgun, or semiautomatic assault weapon, to imprisonment for ten years, and if the firearm is a machine gun . . . to imprisonment for thirty-years. " 18 U.S.C. §924(c)(1) (1994). The Justice Department goes on to state in footnote number 2:

> No court has squarely addressed this question of statutory construction. Although two courts of appeals have suggested that semiautomatic assault weapons should no longer be subject to the mandatory ten-year sentence, it does not appear that the issue was squarely presented in those cases because the defendants committed their offenses before 2004, making the ten-year mandatory minimum sentence applicable regardless of whether the sunset provision caused the semiautomatic assault weapon language in section 924(c)(1)(B)(i) to be "repealed" in 2004. See United States v. Klump, 536 F.3d 113, 120-21 (2d Cir.), cert. denied, 129 S. Ct. 664 (2008); United States v. Cassell, 530 F.3d 1009, 1012 n.1 (D.C. Cir. 2008), cert. denied 129 S. Ct. 1038 (2009).

The Attorney General makes it clear that the statute is at tension with its own internal definitions of what qualifies as a semi-automatic assault weapon and thus subject

to the 10-year mandatory minimum and what is the machinegun for purposes of the 30-year minimum period of incarceration.

Notwithstanding these allegations as charged in Counts 3 and 6 of the indictment, the defendant moves to dismiss these charges as a matter of law in that the listed armaments do not in and of themselves, constitute the legal term of art, "machinegun" for purposes of the statute. We submit that the government here has blurred the distinction between semi-automatic assault rifles weapons, impermissibly charging them as a "machinegun[s]" in Counts 3 and 6 without regard to the proper classification of same, both for purposes of the indictment and for sentencing if that becomes necessary.

WHEREFORE, the Defendant requests that the references to machinegun in Counts 3 and 6 of the indictment and those sections in the charges that reference machineguns be stricken.

Respectfully submitted,

s/ Gerardo S. Gutierrez

GERARDO S. GUTIERREZ
Attorney for the Defendant
53 W. Jackson Blvd.,Ste. 1651
Chicago, IL 60604
(312) 786-9970