UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ] | |
| ] | |
| Plaintiff, ] | |
| ] | Case No. 10-cr-1004 |
| v. ] | |
| ROBERTO FLORES, ] | Honorable Robert W. Gettleman |
| ] | |
| Defendant. ] | |

### DEFENDANT'S MOTION TO ENLARGE THE TIME
### IN WHICH TO FILE PRETRIAL MOTIONS

COMES NOW the defendant ROBERTO FLORES, by his attorney, Gerardo S. Gutierrez, and move this Honorable Court to enlarge the time in which to file pretrial motions, and in support thereof state the following:

### Background:

ROBERTO FLORES, the defendant, is charged by way of a 7 Count indictment with, among other things, knowingly possessing several machine guns in furtherance of a drug trafficking crime, in violation of 18 U.S.C. Sec. 924(c)(1)(A) and Sec. 924 (c)(1)(B)(ii) (Count 3); and knowingly possessing a machinegun, in violation of 18 U.S.C. Sec. 922(O)(1) (Count 6). The Defendant moves to enlarge the time in which to file pre-trial motions, which is currently set for 2/09/212. He is presently in the custody of the U.S. Marshall Service and is awaiting trial currently set for April 2, 2012.

### Discussion:

Defendant Flores has an incredibly long criminal history, a history that implicates both the Armed Career Criminal Act (ACCA) and the Career Offender Act (COA) if found guilty of some or all of the charges in the indictment. Counsel has mapped out these

alleged criminal history conduct in an attempt to fully understand what Mr. Flores is facing, should he exercise his right to go to trial. Nonetheless, because of the aged nature of some of these prior criminal history offenses, it has become necessary to apply more time to investigating these charges, both by discussing them with the defendant, and by attempting to obtain copies of these records from the various law enforcement agencies discussed in these records.

Indeed, counsel initially reported to the Court that he anticipated filing a motion *in limine* to raise the entrapment defense with respect to the weapons charged in Counts 3 through 6. However, given the nature of his past conduct, it behooves counsel to reexamine the possibility of Mr. Flores accepting the government's plea offer, which places his Guideline level at between 480 and 510 months, but has a mandatory minimum sentence of 360 months. By allowing counsel extra time to file pre-trial motions, it allows Flores time to go over these past convictions, have counsel finalize his table and charts comparing possible sentencing options and possibly dispose of the need to go to trial. The current order of the court is as follows:

> *Pretrial motions are due by 2/9/2012. Preliminary pretrial conference is set for 2/14/2012 at 11:00 a.m. Voir dire is set for 4/2/2012 at 9:30 a.m. The Court deems the period of time from 12/27/2012 through 4/2/2012 excludable under T. 18 U.S.C. §3161(h)(7)(A) - interest of justice.*

WHEREFORE, Defendant respectfully prays this Honorable Court enlarge the date in which to file pre-trial motions.

Respectfully submitted,

s/ Gerardo S. Gutierrez

GERARDO S. GUTIERREZ
Attorney for the Defendant
53 W. Jackson Blvd.,Ste. 1651
Chicago, IL 60604
(312) 786-9970